UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| LUKE KEITH, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 06-474-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| POOJA, INC., et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** *** ***

This matter is before the Court for consideration of the joint motion of several Defendants to dismiss this case for lack of subject matter jurisdiction. [Record No. 4] More specifically, the Defendants contend that neither federal question nor diversity jurisdiction exists and that the Plaintiff has not stated a claim on which relief can be granted. The Plaintiff, Luke Keith ("Keith"), is proceeding *pro se* in this matter and has filed a response to the Defendants' motion on March 8, 2007. Having reviewed this response, the Court does not believe that replies are needed to resolve the issues presented.

Keith, a citizen of Kentucky, filed the current action in this Court on October 26, 2006, alleging claims against Defendants Pooja, Inc., Pooja Ventures, LLC, Narayan, LLC, Vasant Patel, Thakor Maggen, Priyakant Patel, the Kentucky Transportation Cabinet, Intercontinental Hotels Group, and Kentucky Utilities-Old Dominion Power. Although Keith did not specifically allege the citizenship of the Defendants in his complaint, it is clear from the record that the

majority of the Defendants are Kentucky citizens for purposes of determining diversity jurisdiction. In his response to the Defendants' motion to dismiss, Keith contends that diversity jurisdiction is proper nonetheless because he has suffered losses in excess of one million dollars due to the "aiding and abetting" of the Defendants. [See Record No. 19]

As a starting point, the Court notes that federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Accordingly, it is presumed that a cause of action lies outside this limited jurisdiction, "and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (*citing Turner v. Bank of North-America*, 4 U.S. 8 (1799); *McNutt v. General Motors Acceptance Corp*., 299 U.S. 178, 182-83 (1936)).

Title 28 of the United States Code, Section 1332, sets out the requirements for alleging diversity jurisdiction. *See also* Fed. R. Civ. P. 84, Form 2. In relevant part, this statutory section provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, *and* is between citizens of different states. 28 U.S.C. § 1332 (2006) (emphasis added). In determining whether diversity jurisdiction exists in a given case, the Supreme Court has "read the statutory formulation 'between . . . citizens of different States' to require complete diversity between all plaintiffs and all defendants." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 126 S. Ct. 606, 613 (2005) (*citing Strawbridge v. Curtiss*, 7 U.S. 267, 3 Cranch 267 (1806)).

It is clear from the Plaintiff's complaint and the record before the Court that the Plaintiff has not alleged a federal question and that diversity jurisdiction does not exist in this case. The

Plaintiff is a citizen of Kentucky, as are all but one of the Defendants. [See Record No. 1] According to the complaint, Defendants Pooja, Inc. Pooja Ventures, LLC, Thakor Maggen, Priyakant Patel, Kentucky Transportation Cabinet, and Kentucky Utilities-Old Dominion Power all have Kentucky addresses, while Defendant Intercontinental Hotels Group is the only Defendant listed with an out-of-state address. In his response to the Defendants' motion to dismiss, the Plaintiff contends that diversity jurisdiction is proper due to the amount in controversy and the actions of the Defendants. However, this argument is without merit because the Court must look to the citizenship of the parties as well as the amount in controversy. Accordingly, the Plaintiff has failed to present any grounds to support this Court's jurisdiction in the present case, and the action must be dismissed.

Therefore, having reviewed the parties' briefs and being sufficiently advised, it is hereby **ORDERED** as follows:

(1) The Defendants' motions to dismiss for lack of subject matter jurisdiction [Record No. 4] is **GRANTED**. The remaining motion to dismiss for failure to state a claim upon which relief may be granted [Record No. 8] is **DENIED**, as moot.

(2) This action is **DISMISSED**, without prejudice, and **STRICKEN** from the Court's docket.

This 12th day of March, 2007.



Signed By:
*Danny C. Reeves* DCR
United States District Judge